UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA ROLLINS, :
:
    Plaintiff : CIVIL ACTION NO. 23-CV-864
:
v. : (JUDGE MANNION)
:
CLARK EDREHI, et al., :
:
    Defendants :
:

## MEMORANDUM

Plaintiff Sandra Rollins alleges that her neighbors, her township, and a township official have discriminated against her because of her race. Her complaint stems from Middle Smithfield Township's enforcement of its zoning laws against Plaintiff and various related actions on the part of her neighbors. She claims that the Defendants have conspired to deprive her of, and have deprived her of, several constitutional rights.

The Township, (Doc. 18), as well as two of her neighbors, (Doc. 13; Doc. 19), have moved to dismiss Plaintiff's Complaint, (Doc. 1), on the ground that she has failed to state a claim for relief.

I.     **BACKGROUND**[1]

Plaintiff owns a one-acre property whose permitted use is as a single-family residential home. Middle Smithfield Township's Zoning Officer issued her an Enforcement Notice in 2014, alleging that she had established a junkyard on the property without permission. She unsuccessfully appealed that notice. *See Rollins v. Middle Smithfield Twp. Zoning Hearing Bd.*, No. 42 C.D. 2016, 2016 WL 7157238 (Pa. Commw. Ct. 2016), *petition for allowance of appeal denied*, 169 A.3d 1033 (Pa. 2017). She attempted to make improvements, but "is still being harassed to make yet more improvements to her property, and to pay fines and costs for which she does not have the means or ability to pay." (Doc. 1 at 1). The Township "has recently threatened [Plaintiff] with incarceration and filed a Motion for Contempt" in state court. (Id.).

Plaintiff faced "constant harassment and intimidation" regarding the state of her property. Her neighbor, Defendant Clark Edrehi, "continues to constantly monitor the perimeter of the property and actually charged at her

---

[1] Because it is considering motions to dismiss for failure to state a claim, the court must accept the complaint's factual allegations as true. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016). It "is also bound not to go beyond the facts alleged in the Complaint and the documents on which the claims made therein are based." *Id.* (internal quotations omitted). "The court may, however, rely upon exhibits attached to the complaint and matters of public record." *Id.* (internal quotations omitted).

recently." (Id.). Accusations have been made that she was running a meth lab at the property and that she was "harboring rodents, feral cats, and mosquitos." (Id. at 2). "One or more of the Defendants" contacted municipal agencies regarding the property. (Id.).

Although other neighborhood properties are "in far worse condition," "nothing has been done about" them. (Id.). Defendants Edrehi, Anthony Moscatelli, William Swenson and Mary Swenson, Plaintiff's neighbors, brought suit against her in Monroe County based on the state of her property, (Doc. 22-1), which suit was later withdrawn. (Doc. 22-2). Defendant Zoning Officer Shawn McGlynn has also trespassed on Plaintiff's property.

Plaintiff has named as Defendants Middle Smithfield Township, Township Zoning Officer Shawn McGlynn, and Township residents Clark Edrehi, Mary Swenson, William Swenson, Anthony Moscatelli, and John Henning. She brings claims under 42 U.S.C. §§1982, 1983, and 1985(3), alleging that Defendants deprived and conspired to deprive her of an array of constitutional rights. Plaintiff demands injunctive relief, compensatory damages, punitive damages, and attorney's fees.

## II. LEGAL STANDARD

In response to a complaint, a party may move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must make more than "conclusory or 'bare-bones' allegations," and "'threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, the complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering the complaint, the court must apply a "two-part analysis." *Id.* "First," the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. "Second," the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim to relief." *Id.* at 211.

Plaintiff's Complaint suffers from a scattershot, imprecise mode of presentation which strains her obligation to "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)).

Nevertheless, the court must accept its factual allegations, construe them "in the light most favorable" to Plaintiff, and draw all reasonable inference therefrom in determining whether she has stated a plausible claim for relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 & n.2 (3d Cir. 2016).

### III. DISCUSSION

#### A. Statute of Limitations

The Township argues that Plaintiff's claims are barred by the statute of limitations. "Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). "The statute of limitations for a §1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. §5524. Sections 1982 and 1985 are also subject to this two-year statute of limitations. *Mims v. City of New Castle*, 2022 WL 2789867, at *5 (W.D. Pa. 2022); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79–80 (3d Cir. 1989).

A statute of limitations defense may be raised by a Rule 12(b)(6) motion "only if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations

omitted). "[I]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.*

The Complaint mostly omits dates. It does tell us that the enforcement notice was issued in 2014, that a motion for contempt against Plaintiff is currently pending in the Monroe County Court of Common Pleas, and that Defendant Edrehi "continues" to monitor Plaintiff's property. (Doc. 1 at 1). It also alleges that Defendant McGlynn trespassed on her property on August 19, 2019. (Id. at 4). The rest of the alleged events presumably took place sometime between 2014, when "[i]t started," and now.[2]

The court will ignore those allegations which occurred outside the two-year statute of limitations period, namely, the issuance of the enforcement notice and Defendant McGlynn's alleged trespass. Otherwise, the Complaint's vagueness prevents the court from concluding that a statute of limitations bar is apparent on its face.

### B. Count I – Section 1985(3)

Section 1985 provides a cause of action against persons who "conspire … for the purpose of depriving, either directly or indirectly, any

---

[2] Based on exhibits attached to Plaintiff's briefs (which are also matters of public record), the court further notes the following. The civil suit referenced in the Complaint was brought in 2013 and dismissed in 2015. (Doc. 22-1; Doc. 22-2). And the zoning board hearing occurred in 2015. (Doc. 22-3).

- 6 -

person of class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. §1985(3). To state a claim under this provision, "a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, and person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

> "With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under §1985(3). A conspiracy claim based upon §1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals."

*Slater v. Susquehanna Cnty.*, 613 F. Supp. 2d 653, 661 (M.D. Pa. 2009) (quoting *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972)); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.").

Plaintiff's complaint contains only conclusory allegations of conspiracy. The only fact from which an inference of conspiracy might be derived is that

- 7 -

Plaintiff's neighbors filed a civil suit against her. But that suit was dismissed in 2015, well outside the statute of limitations period for Plaintiff's claims. And the fact that these Defendants decided to pursue legal action against her years ago is an inadequate basis for a plausible conspiracy claim. No other allegation suggests that any Defendants agreed to deprive Plaintiff of the equal protection of the laws. Plaintiff has not stated a claim for relief under §1985(3).

### C. Count II – Section 1982

42 U.S.C. §1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." "In order to bring an action under §1982, a plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived [the] plaintiff of his rights because of race." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Plaintiff, an African-American woman, alleges that the "motivation for all of this" was "[b]latant racial discrimination and a desire to obtain [her] property and get her out of the neighborhood." She does not allege facts sufficient to raise a plausible inference that Defendants acted with racial

animus. Her allegation of "blatant racial discrimination" is a conclusory statement entitled to no presumption of truth. Nowhere else does the Complaint make allegations connecting Defendants' actions to Plaintiff's race. A plausible inference of racial animus is not raised merely because the alleged conduct was directed at an African-American person. The court concludes that Plaintiff has not stated a claim under 42 U.S.C. §1982.

### D. Count III – Section 1983

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "In cases under §1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169 n.1 (3d Cir. 2004) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "Thus, a plaintiff seeking to hold an individual liable under §1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

> Although there is no "simple line" between state and private actors … the principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the

> State itself. To answer that question, [the Third Circuit] has outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity. Under any test, the inquiry is fact-specific.

*Id.* (internal citations and quotations omitted).

### 1. Individual / Non-municipal Defendants

The Complaint makes no allegation suggesting that Defendants Edrehi, Mary Swenson, William Swenson, Moscatelli, or Henning acted under color of state law. It concedes that these individuals "are not state officials," but alleges that "they were acting under color of state law when they entered into a conspiracy involving one or more state officials to deprive Plaintiff of federal constitutional and/or statutory right." (Doc. 1 ¶13). This legal conclusion may be disregarded in determining whether Plaintiff has stated a claim. *Fowler*, 578 F.3d at 210–11. Even if they occurred within the statute of limitations period, Defendants' lawsuit against Plaintiff and testimony at zoning board hearings, (Doc. 22 at 4–5), are acts which private citizens may take and thus cannot be described as state action. Neither can comments at township meetings, (Doc. 22 at 5; Doc. 22-4), which can also be made by private citizens, constitute state action. State action by these

Defendants is wholly absent from the Complaint, and so the court concludes that Plaintiff has not stated a §1983 claim against them.

### 2. Municipal Defendants

#### a. Defendant McGlynn in his individual capacity

The only action allegedly taken by Defendant McGlynn against Plaintiff is an August 2019 trespass.[3] As discussed *supra* Section III.A, this act falls outside the statute of limitations period for a §1983 action.

Section 1983 liability requires "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has failed to state a plausible claim for §1983 relief against Defendant McGlynn in his individual capacity.

#### b. Township / Defendant McGlynn in his official capacity

Plaintiff's claims against Defendant McGlynn in his official capacity must be treated as claims against the entity of which he is a part: Middle Smithfield Township. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated

---

[3] Plaintiff also alleges that Defendant McGlynn "maintains a private consulting business whereby he profits from providing remedies for zoning violations." (Doc. 1 at 4). Whatever the propriety of such an arrangement, this allegation does not state a tort against Plaintiff individually.

as a suit against the entity."). Likewise, as "[i]t is well established that arms of local municipalities … do not maintain an existence independent from the municipality," *K.S.S. v. Montgomery Cnty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 395 (E.D. Pa. 2012), Defendants Middle Smithfield Township Board of Supervisors and the Middle Smithfield Township Zoning Board are treated as one with Defendant Middle Smithfield Township.

"A municipality or other local government may be liable under [§1983] if the government body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). "But, under §1983, local governments are responsible only for 'their *own* illegal acts.'" *Id.* (quoting *Pembaur v. Cincinatti*, 475 U.S. 4698, 479 (1986)). So:

> Plaintiffs who seek to impose liability on local governments under §1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.

*Id.* (internal citations and quotations omitted).

The Township contends that Plaintiff has not stated a claim for §1983 municipal liability because she has made no allegations of a Township policy or practice. (Doc. 21 at 6–7). Plaintiff in response cites a "complaint-driven"

enforcement policy on the part of the Township. In her brief in opposition to the Township's motion to dismiss, Plaintiff has alleged that the Township's zoning enforcement is "complaint driven, meaning they don't drive around the township looking for violations, they address and prioritize the complaints." (Doc. 23 at 5).[4] Plaintiff asserts that this policy "constitutes selective enforcement on its face" and raises an inference that the Township's policies have "resulted in the violation of Plaintiff's civil rights." (Id. at 5, 7).

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996). A plaintiff claiming selective enforcement of the law "must provide 'clear evidence' of discriminatory effect and discriminatory intent." *United*

---

[4] To support this allegation, she attaches to her brief minutes from the Township Board of Supervisors' April 6, 2023 meeting, during which Chairwoman Annette Atkinson described this policy. (Doc. 23-5 at 3). The minutes further detail that when asked what the zoning office would do "if there is a property falling down, but no one has complained," Chairwoman Atkinson explained that "if zoning is out doing an inspection and they pass it of course they can include that in their work and do something about it." (Id.). While "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to dismiss." *Commonwealth v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), the court notes that in ruling on a motion to dismiss, it may consider "matters of public record." *Bruni*, 824 F.3d at 360. So although Plaintiff did not include this policy in her Complaint, the court will consider it for purposes of these motions to dismiss. *See Linskey v. Guariglia*, 2012 WL 1268913, at *4 (M.D. Pa. 2012) (considering school board meeting minutes attached to brief in opposition to motion to dismiss).

*States v. Washington*, 869 F.3d 193, 214 (3d Cir. 2017) (quoting *United States v. Taylor*, 636 F.3d 182, 197 (3d Cir. 2012)). "Meeting this standard generally requires evidence that similarly situated individuals of a different race or classification were not prosecuted, arrested, or otherwise investigated." *Id.*

Plaintiff alleges that "properties in far worse condition" in her neighborhood have not been subject to enforcement of the Township's zoning laws. (Doc. 1 at 2). Accepting this allegation as true, the court infers (as the Complaint does not specify) that some of these properties are owned by individuals who are not African-American. The court further infers that, based on the allegation that they are "in far worse condition," these properties were similarly situated to Plaintiff's with respect to their violations of Township zoning ordinances. Viewing Plaintiff's allegations in the light most favorable to her, the court concludes that by alleging that zoning laws were not enforced against her neighbors whose properties were in "far worse condition" (and who the court infers are not members of a protected class), she has narrowly succeeded in pleading a plausible equal protection claim based on a theory of selective enforcement. And by alleging that such enforcement was done pursuant to a Township policy, she has stated a claim

for §1983 municipal liability. Therefore, Plaintiff's equal protection claim of selective enforcement will not be dismissed.

Although the Enforcement Notice itself was issued in 2014 and Plaintiff's appeals were exhausted in 2017, well outside the statute of limitations period, she alleges that she is "still being harassed to make yet more improvements to her property, and to pay fines and costs for which she does not have the means or ability to pay." (Doc. 1 at 1). To the extent that the alleged enforcement is "part of a continuing practice," the last act of which falls within the two-year statute of limitations period, it may at this stage avoid the statute of limitations bar. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).

As to her other constitutional claims brought through §1983, the Complaint is deficient. Plaintiff has not made allegations connecting any Township policy or practice to her "[r]ight to peaceful assembly," "[r]ight to be safe and secure in person and home," "right to privacy," or "right to life, liberty, and property." (Doc. 1 ¶13). Nor has she adequately plead substantive or procedural due process claims. (Id.). In the context of real property, a substantive due process claim requires a government deprivation that "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Plaintiff has not alleged such a deprivation here. And there is no

allegation that she has not been "afford[ed] a full judicial mechanism" for challenging any perceived deprivations by the Township, so no procedural due process claim lies. *See Northeast Land Dev., LLC v. City of Scranton*, 728 F. Supp. 2d 617, 626 (quoting *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 681 (3d Cir. 1991), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 400 (3d Cir. 2003)) ("[W]hen a state 'affords a full judicial mechanism with which to challenge the administrative decision,' the state provides adequate due process.'"); *Rollins*, 2016 WL 7157238, at *1.

Further, although she alleges that "[t]he subject zoning ordinance is unconstitutional as applied" to her, she has not alleged what zoning ordinance she challenges or how it violates the Constitution. (Id. ¶14). And neither has she stated a plausible claim that this unspecified zoning ordinance, and the Township's enforcement thereof, amounted to an unconstitutional "regulatory taking" of her property. (Id.). That is because "[z]oning regulations are the 'classic example' of permissible regulations that do not require compensation even where they 'prohibit the most beneficial use of the property.'" *Nekrilov v. City of Jersey City*, 45 F.4th 662, 675 (3d Cir. 2022) (quoting *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125 (1978)).

### E. Rooker-Feldman Doctrine

The township argues that under the *Rooker-Feldman* doctrine, the court lacks jurisdiction over any claim based on the state-court contempt motion brought against Plaintiff. (Doc. 21 at 5–6). The *Rooker-Feldman* doctrine applies only where "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine does not apply here because Plaintiff is complaining of injuries allegedly caused by the Defendants' actions, not by any state-court judgments, and she brings constitutional claims without asking the court to review state-court judgments on zoning enforcement.

### IV. CONCLUSION

For the foregoing reasons, all individual Defendants will be dismissed from this action. So the motions to dismiss of Defendants Moscatelli and Edrehi will be granted. Defendant McGlynn in his official capacity, the Middle Smithfield Township Board of Supervisors, and the Middle Smithfield

Township Zoning Hearing Board will be dismissed because they are not appropriately named as Defendants separate from Middle Smithfield Township. Defendant Middle Smithfield Township's motion to dismiss will be granted as to Counts I and II of the Complaint. The Township's motion will also be granted as to all of Count III's claims except for Plaintiff's equal protection selective enforcement claim. With regard to Plaintiff's equal protection selective enforcement claim, the Township's motion to dismiss will be denied. The court reiterates that upon discovery, a selective enforcement claim requires "'clear evidence' of discriminatory effect and discriminatory intent." *Washington*, 869 F.3d at 214. And "an essential element" of such a claim "is that the comparable parties," against whom the laws were not enforced, "were similarly situated," meaning "they are alike in all relevant respects." *Starzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotations omitted).

An appropriate order will issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

DATE: January 19, 2024
23-864-01