**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANDRA ROLLINS,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLE SMITHFIELD TOWNSHIP, et al.,<br><br>Defendant. | CIVIL ACTION NO. 3:23-CV-00864<br><br>(SAPORITO, J.) |

**ORDER**

The *pro se* plaintiff has filed six different motions before the Court. (Doc. 69; Doc. 70; Doc. 72; Doc. 74; Doc. 75; Doc. 76).

Two of the plaintiff's motions concern her request that the Court order her former counsel, Salvatore P.J. Vito, to provide her with her client file. (Doc. 69; Doc. 74). The plaintiff, however, previously filed a motion seeking that same request, *see* (Doc. 55), and on April 14, 2026, we denied that request by noting that the Court lacks authority to compel Mr. Vito to surrender the plaintiff's client file. (Doc. 68). Therefore, the plaintiff's requests will again be denied.

Two of the plaintiff's motions concern her request that the Court preserve and produce the audio recordings associated with three

telephonic conferences held on November 24, 2025, January 21, 2026, and February 3, 2026. (Doc 70; Doc. 75). Specifically, the plaintiff requests that the Court "[i]dentify the custodian of such recordings" and "[d]irect that copies of the recordings be produced or permit reasonable review access." (Doc. 70). However, the plaintiff has previously sought access to these transcripts, *see* (Doc. 53), and the Clerk of Court directed her to the appropriate court reporter and provided instructions for obtaining the requested transcripts. (Doc. 54). Therefore, the plaintiff's motions are denied.

The plaintiff also moves for the undersigned's recusal and seeks to disqualify the undersigned from this action pursuant to 28 U.S.C. § 455(a)[1]. (Doc. 72). Recusal under Section 455(a) is appropriate when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might be reasonably be questioned." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (quoting *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007)). Here, the plaintiff believes recusal is warranted because the plaintiff has

[1] Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

failed to obtain her requested audio recordings, *see* (Doc 70; Doc. 75), and the plaintiff contends that disputed procedural and substantive issues remain in this case. (Doc. 72). Put differently, the plaintiff moves for recusal and disqualification based on her displeasure with the outcome of her case. But, "[t]he Third Circuit has repeatedly observed that 'a party's displeasure with legal rulings does not form an adequate basis for recusal.'" *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007) (citing *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)) (citations omitted). Moreover, "there is a well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him." *Id.* (citations and quotations omitted). Instead, "[s]ubsection 455(a) … require[s] the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Id.* (citations omitted). Here, a review of the plaintiff's motion indicates that the plaintiff has failed to identify any extrajudicial evidence in which the undersigned's impartiality might reasonably be questioned, relying solely on the outcome of the legal proceedings in this action. Accordingly, the plaintiff's motion is denied.

The plaintiff's final motion concerns a motion to reopen time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. (Doc. 76). Rule 4(a)(6) provides the following:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but *only if all* the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

F.R.A.P. 4(a)(6) (emphasis added). Its purpose is to "provide[] a limited safety net for a litigant to preserve his or her appellate rights by striking a balance between the competing interests of protecting the finality of judgments, and providing relief to those whose appellate rights are comprise through no fault of their own[.]" *Jacobs v. Giroux*, No. CV 14-276, 2016 WL 4198546, at *2 (W.D. Pa. Aug. 8, 2016), *aff'd sub nom. Jacobs v. Warden*, 666 F. App'x 111 (3d Cir. 2016). The plaintiff, however, does not fit this standard. As we noted above, the plaintiff must first show that she did not receive notice within 21 days of the entry of the order for which she seeks to appeal. F.R.A.P. 4(a)(6). Nonetheless, the plaintiff

acknowledges that she received our April 14, 2026, Order and does not contend that she failed to receive it within 21 days.[2] *See* (Doc. 76). Therefore, the plaintiff has failed to satisfy the necessary criteria for reopening the time of appeal. Her motion is thus denied.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motions (Doc. 69; Doc. 70; Doc. 72; Doc. 74; Doc. 75; Doc. 76) are **DENIED**.

Dated: August 10, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[2] We note that the plaintiff includes in her motion that the "docket in this matter reflects prior mail delivery problems affecting Plaintiff, including returned mail entries dated January 5, 2026 (Doc. 57) and January 16, 2026 (Doc. 60)." *See* (Doc. 76). Liberally construing the plaintiff's submission, as required by the Third Circuit, *see Higgs v. Attorney General of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), we find that the plaintiff may have included this submission with her motion to argue that mail delivery issues prevented her from timely receiving our Order. Even so, we still would deny this motion. Although the plaintiff may have had trouble receiving mail on these two limited occasions, a review of the docket indicates that the plaintiff did not have this same problem concerning our April 14, 2026, Order, and moreover, she still does not provide any allegations that she received our April 14, 2026, Order beyond 21 days after entry of that Order.