# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLLINS,<br><br>Plaintiff,<br><br>v.<br><br>EDREHI, et al,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-00864<br><br>(SAPORITO, J.) |

## ORDER

Now before the Court is pro se plaintiff Sandra Rollins's timely motion for reconsideration of our order denying her motion to reopen time to file an appeal. Doc. 81; Doc. 82.[1]

Although in our original order we discussed the merits of the motion and why the plaintiff did not meet the requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure, we will take this opportunity to clarify that the plaintiff's original motion to which she is seeking reconsideration was both improper and premature when brought.

The plaintiff's original motion to reopen time to file an appeal was

---

[1] In the same order we also denied various other motions filed by the plaintiff. Those are not being challenged in this current motion. Doc. 81; Doc. 82.

based on our denial of a motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Doc. 67; Doc. 76; Doc. 83, at 6—7. First, the original 60(b) motion filed by the plaintiff was improper as at the relevant time there was no final judgment. Rule 60(b) states in relevant part that "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding…" Fed. R. Civ. P. 60(b) (emphasis added). At the time when the plaintiff filed her Rule 60(b) motion and requested this Court to vacate and reinstate previous dismissed claims, there was no final judgment as the original motion to dismiss did not end the action to all parties and claims.[2] Doc. 28; *see State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (holding that the trial court's order dismissing one but not all defendants was not a final order).

With this in mind, we move on to why the subsequent motion to reopen time to file an appeal was improper. 28 U.S.C § 1291 provides in part: "The courts of appeals…shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States…except where a direct review may be had in the Supreme Court." (emphasis added). As

---

[2] We also note that there was no language in the original motion to dismiss that shows the Court granted final judgment to any of the parties or claims that were dismissed. Doc. 27; Doc. 28; Fed. R. Civ. P. 54(b).

discussed above, there has been no final judgment as parties and claims still exist in the current action. Therefore, it is premature to file a motion to reopen time to file an appeal as the clock to do so has not started yet and the plaintiff's appellate rights are still preserved.[3] Given the preservation of the plaintiff's appellate rights due to the fact that there has been no final judgment, we will deny the motion for reconsideration with respect to our earlier denial of the plaintiff's motion to reopen time to file an appeal.

Even if we were to overlook this procedural roadblock and address the merits of the plaintiff's current motion, we find no basis for reconsideration of our earlier denial of the motion. *See* Doc. 81, at 4—5. For either a motion for reconsideration of an interlocutory or final order, a court should keep in mind that,

> [A] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the

[3] We note that we may construe the original 60(b) motion based on its actual function rather than strictly its caption. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988). Doing so, given that the plaintiff requested to reinstate the previous claims that were dismissed, we can construe it as a motion for reconsideration arising under Rule 54(b). Doc. 67; Fed. R. Civ. P. 54(b). However, even if we were to do this, there is still no appealable final judgment, and it is not the type of collateral order that can be immediately appealed. 28 U.S.C § 1292.

> Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295—96 (M.D. Pa. 2016) (citations and internal quotation marks omitted).

The substance of the plaintiff's motion for reconsideration is that our denial of her initial motion to reopen time to file an appeal was erroneous as she did not receive notice under Federal Rule of Civil Procedure 77(d) of our order within 21 days of its entry pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Doc. 82, at 1. Principally at issue, the plaintiff now declares that she did not receive notice until June 20, 2026 (more than 21 days after our April 14, 2026, Order), and subsequently filed her motion to reopen time to file an appeal three days later in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *Id.* at 2. We have already considered this exact issue in our original denial of the motion. Doc. 81, at 4—5 ("Nonetheless, the plaintiff acknowledges that she received our April 14, 2026, Order and does not contend that she failed to receive it within 21 days."). Although the plaintiff now contends that she did not receive notice within 21 days, any attempt to argue that now is akin to relitigating the case or providing

new evidence that was available at the time of filing. *See Qazizadeh*, 214 F. Supp. 3d at 295—96. Even if we were to find the plaintiff's new declarations to be persuasive, we find no clear error in our reasoning based on the record we had at the time.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration is **DENIED.** Doc. 82.

Dated: November 16, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge